United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| EL QUZAYD BEY, | Case No. 18-cv-04945-LB |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| JERRY BROWN, | Re: ECF No. 1 |
| Defendant. | |

## INTRODUCTION

Plaintiff El Quzayd Bey, who is representing himself, filed a complaint against "California State Govenor [sic] Jerry Brown" on August 15, 2018.[1] Mr. Bey's complaint, titled "The Affidavit to Correct the Record; Declaration of Nationality (Complaint)," does not identify any cause of action or specify what relief he seeks.[2] The court granted Mr. Bey's motion for leave to proceed *in forma pauperis*, reserving the issue of service for this order.[3] Mr. Bey declined magistrate jurisdiction.[4]

---

[1] Compl. – ECF No. 1 at 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See* Compl. – ECF No. 1.

[3] Order – ECF No. 4.

[4] Declination – ECF No. 6.

ORDER – No. 18-cv-04945-LB

1     Before authorizing the U.S. Marshal to serve the defendants, the court must screen it for

2 minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The court holds that the complaint fails to state

3 a claim. Mr. Bey does not identify a specific cause of action in his filing, nor does he include any

4 facts that would imply a legal cause of action. The court dismisses Mr. Bey's complaint without

5 prejudice, granting leave to amend.

**ANALYSIS**

A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez,* 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Here, Mr. Bey has failed to state a claim upon which relief may be granted. The complaint is dismissed without prejudice and with leave to amend should Mr. Bey choose to file an amended complaint.

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint contain a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitle[ment] to relief," which "requires more than labels and conclusion"; a mere formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Under this standard, construing Mr. Bey's complaint liberally, he fails to state a claim upon which relief can be granted. He cites statutes that do not provide a private right of action.[5] He does not allege facts describing events that might state a claim in his complaint.[6] The civil cover sheet lists the cause of action as "Diversity – Nationality."[7] It is unclear from the information in his complaint what remedy he seeks.

The court also notes that Mr. Bey's address of record is in Whittier, California, which is not in the Northern District and instead is in the Central District.[8] A lawsuit must be filed ordinarily in the correct venue. Venue is generally proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal

---

[5] *See, e.g.,* Compl. – ECF No. 1 at 9–10.

[6] *See, e.g., id.*

[7] Civil Cover Sheet – ECF No. 1-1.

[8] Compl. – ECF No. 1 at 1.

ORDER – No. 18-cv-04945-LB                3

1    jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. §

2    1391(b). In any amended complaint, Mr. Bey must plead under this standard to establish that

3    venue is proper in the Northern District.

4    To help Mr. Bey, the court attaches a copy of the district court's handbook called *Representing

5    Yourself in Federal Court: A Handbook for Pro Se Litigants.* It provides information on what is

6    required to plead a claim in federal court, as well as instructions on how to proceed at every stage

7    of a case, including discovery, motions, and trial.

## CONCLUSION

The court dismisses Mr. Bey's complaint without prejudice and with leave to amend. If Mr. Bey chooses to file an amended complaint, he must do so by September 25, 2018.

Mr. Bey may also dismiss his case voluntarily by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice, thereby allowing Mr. Bey to file a complaint later if she can cure the complaint's deficiencies.

If Mr. Bey does not file a first amended complaint by September 25, 2018, or ask for an extension of time to do so, the court will close the case without prejudice to Mr. Bey's timely refiling if he can cure the complaint's deficiencies.

**IT IS SO ORDERED.**

Dated: September 5, 2018

LAUREL BEELER
United States Magistrate Judge